CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

October 11, 2024

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

---

JESSICA CHITTUM, on behalf of herself and all
others similarly situated,

               Plaintiff,

v.

NATIONAL LUTHERAN INC. d/b/a NATIONAL
LUTHERAN COMMUNITIES & SERVICES, and
THE LEGACY AT NORTH AUGUSTA INC.,

               Defendants.

Case No. 5:24-cv-00082

COLLECTIVE AND CLASS ACTION
DEMAND FOR JURY TRIAL

---

## COMPLAINT

---

Plaintiff Jessica Chittum, individually and on behalf of all others similarly situated,

respectfully moves for Judgment Against Defendants National Lutheran Inc. d/b/a National

Lutheran Communities & Services, and The Legacy At North Augusta Inc., (individually or

collectively "Defendants") As Follows:

I.     **SUMMARY OF ACTION**

1.     This is an action for unpaid overtime in violation of the Fair Labor Standards Act

of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") and the Virginia Overtime Wage Act,

VA Code § 40.1-29.2 ("VOWA").

2.     Plaintiff brings this action as a "hybrid" class and collective action for unpaid

overtime under both federal and state law. Plaintiff brings this action as a collective action under

1

29 U.S.C. 216(b), and for the state law claims only, as a class action under Federal Rule of Civil Procedure 23.

3.     Plaintiff contends Defendant has violated and continue to violate the FLSA and VOWA by having the following policies and practices:

   a.     Not paying overtime compensation at 1.5 times Plaintiff's and similarly situated employees' regular rates of pay; and

   b.     Not including shift differentials or other forms of incentive pay in calculating overtime rates paid to Plaintiff and similarly situated employees.

4.     These policies and practices of Defendant resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA and less regular wages than they are entitled to receive under the VPWA.

5.     Defendants' policies and/or practices comprising the alleged violations are ongoing.

6.     The **FLSA Collective** is made up of all non-exempt employees of any Defendant, who worked more than 40 hours in at least one workweek, at any time within three years prior to this action's filing, or longer if equitable tolling is granted, to the trial of this action (the "Relevant Period").

7.     Plaintiff, on behalf of herself and all similarly situated employees, seeks unpaid overtime wages, liquidated damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' FLSA violations.

8.     The **Virginia Class** is made up of all members of the FLSA Collective who have

2

been employed by Defendant in Virginia at any time during the Relevant Period.

9.      Plaintiff, on behalf of herself and others similarly situated, seeks unpaid overtime wages, liquidated damages, triple damages, pre- and post-judgment interest, attorneys' fees and costs, and all relief allowed by law arising out of the Defendants' VOWA violations.

10.     Plaintiff reserves the right to propose amended class definitions and/or sub-classes in her motions for collective action and/or class action certification, or to add class claims under Rule 23 of the Federal Rule of Civil Procedure, to the extent discovery warrants such amendments or subclasses.

## II.    JURISDICTION AND VENUE

11.     This Court has jurisdiction over the FLSA claims pursuant to 29 U.S.C. § 216(b) in that the Plaintiff may bring this action in any appropriate United States District Court.

12.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367, as these claims are so related to the FLSA claims they form part of the same case or controversy.

13.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) since acts and omissions giving rise to this lawsuit have taken place in this division in the Western District of Virginia. Specifically, Plaintiff and multiple similarly situated employees worked for either or both Defendants in this division.

14.     Each Defendant is subject to personal jurisdiction in the Commonwealth of Virginia.

## III.   PARTIES

15.     Plaintiff Chittum is a resident of Virginia who was employed by Defendants in

Virginia as a Certified Nursing Assistant ("CNA") from approximately July 2023 to February 2024. At all times relevant, Plaintiff was an "employee" as defined in the FLSA and VOWA.

16.    Defendant National Lutheran Inc. d/b/a National Lutheran Communities & Services, is a Maryland corporation (according to filings with the Maryland State Department of Assessments & Taxation) with its principal office at 5275 Westview Drive, Suite 110, Frederick, MD 21703. At all times relevant, this Defendant is and was an "employer" of Plaintiff and similarly situated individuals as defined by the FLSA and VOWA.

17.    Defendant The Legacy at North Augusta, Inc. is a Virginia nonstock corporation (according to filings with the Virginia State Corporation Commission) with its principal office at 1410A N Augusta St, Staunton, VA, 24401 - 2449, USA. At all times relevant, this Defendant is and was an "employer" of Plaintiff and similarly situated individuals as defined by the FLSA and VOWA.

18.    Each Defendant's gross annual sales made or business done is $500,000.00 or greater. Defendant operates in interstate commerce by, among other things, buying and/or selling goods and transacting business in multiple states, and/or by having employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce in multiple states. Defendant's employees, including Plaintiff and similarly situated employees, were engaged in commerce and/or the production of goods for commerce.

## V.    FACTUAL ALLEGATIONS

19.    Defendants operate long term care facilities in Virginia and Maryland, and possibly other locations.

20.    Specifically, Defendant National Lutheran, Inc. operates long term care facilities,

one of which is called The Legacy at North Augusta, in Staunton, Virginia. *See*

https://www.nationallutheran.org/communities/ Last accessed 10/11/2024.

21.     Upon information and belief, Defendant National Lutheran, Inc. has a separate

affiliated entity for each of its facilities. Defendant The Legacy at North Augusta, Inc. is the

affiliated entity used for the The Legacy at North Augusta

22.     Defendant National Lutheran, Inc. is the employer, or a joint employer with the

applicable subsidiary entities, of the employees at each of its facilities.

23.     Defendant The Legacy at North Augusta, Inc. is the employer, or a joint employer

with Defendant National Lutheran, Inc. of the employees at the The Legacy at North Augusta

facility.

24.     Plaintiff worked for Defendants as a CNA at The Legacy at North Augusta

facility from approximately July 2023 to February 2024. The job duties of the CNA position

entailed providing patient care.

25.     During the Relevant Period, Defendants have had numerous non-exempt, hourly-

pay healthcare staff (including registered nurses, certified nursing assistants, and similar patient

care positions). These similarly situated employees had the same basic job duties and were

subject to the same pay and timekeeping policies at issue in this case. ("Staff").

26.     During the Relevant Period, Defendants paid Staff on an hourly basis.

27.     Plaintiff was regularly scheduled to work, and did work, at least 40 hours per

week. Other similarly situated employees were scheduled the same or similarly.

28.     Plaintiff and similarly situated employees regularly worked in excess of 40 hours

per workweek in multiple workweeks and were subject to the policies and practices described

herein that deprived them of overtime and regular wages.

**A.    The Overtime Rate Policy**

29.    At all times relevant, Defendants have had a policy or practice of not paying Plaintiff and similarly situated employees overtime compensation at 1.5 times Plaintiff's and similarly situated employees' regular rates of pay. Instead, Defendants have paid overtime compensation using a multiplier that is less than 1.5 times the applicable regular rates of pay (the "Overtime Rate Policy").

30.    For example, for the pay period ending 11/18/2023, Plaintiff worked at least 10.29 on-the-clock overtime hours. Her base hourly rate of pay (not including the shift differentials discussed below) was $17.00, and Defendants paid Plaintiff this rate for all hours worked. For the overtime hours, Defendants paid Plaintiff an overtime premium of $8.1088 per hour. Including the $17.00 base hourly pay, Defendants therefore paid Plaintiff overtime compensation at a rate of $25.1088 per hour, which was less than 1.5 times Plaintiff's regular hourly rate.

31.    For an additional example, for the pay period ending 10/7/2023, Plaintiff worked at least 7.65 on-the-clock overtime hours. Her base hourly rate of pay (not including the shift differentials discussed below) was $17.00, and Defendants paid Plaintiff this rate for all hours worked. For the overtime hours, Defendants paid Plaintiff an overtime premium of $8.1374 per hour. Including the $17.00 hourly pay, Defendants therefore paid Plaintiff overtime compensation at a rate of $25.1374 per hour, which was less than 1.5 times Plaintiff's regular hourly rate.

32.    Due to the Overtime Rate Policy, employees similarly situated to Plaintiff

likewise received overtime compensation at rates that were less than 1.5 times their base hourly rates of pay.

**B.      The Shift Differential Policy**

33.      At all times relevant, Defendants have had a policy or practice of not including shift differentials and other forms of incentive pay in calculating overtime rates paid to Plaintiff and similarly situated employees (the "Shift Differential Policy").

34.      For example, for the pay period ending 11/18/2023, Plaintiff worked at least 10.29 on-the-clock overtime hours. Her base hourly rate of pay (not including the shift differentials discussed below) was $17.00, and Defendants paid Plaintiff this rate for all hours worked. Plaintiff worked weekday nights and weekend nights during this period. For weekday nights, she received a shift differential (additional hourly pay) at a rate of $1.00 per hour. For weekend nights, she received a shift differential at a rate of $2.00. Defendants did not include the shift differentials in calculating Plaintiff's overtime rate of pay. Instead, Defendants paid Plaintiff overtime premiums based only on her base hourly rate (and at a rate of less than 1.5 times that base hourly rate, as discussed above).

35.      For an additional example, for the pay period ending 10/7/2023, Plaintiff worked at least 7.65 on-the-clock overtime hours. Her base hourly rate of pay (not including the shift differentials discussed below) was $17.00, and Defendants paid Plaintiff this rate for all hours worked. Plaintiff worked weekday nights and weekend nights during this period. For weekday nights, she received a shift differential (additional hourly pay) at a rate of $1.00 per hour. For weekend nights, she received a shift differential at a rate of $2.00. Defendants did not include the shift differentials in calculating Plaintiff's overtime rate of pay. Instead, Defendants paid

Plaintiff overtime premiums based only on her base hourly rate (and at a rate of less than 1.5 times that base hourly rate, as discussed above).

36.    Due to the Shift Differential Policy, Employees similarly situated to Plaintiff likewise received overtime compensation at rates that did not include shift differentials or other forms of incentive compensation.

**C.    Additional Allegations**

37.    These policies and practices of Defendants resulted and results in Plaintiff and similarly situated employees receiving less overtime wages than they are entitled to receive under the FLSA and VOWA.

38.    Defendants knew or should have known that its Overtime Rate Policy and Shift Differential Policy were not permissible under the FLSA or VOWA.

39.    Based on the nature of Plaintiff's and similarly situated employees job duties and their hourly pay basis, there is no FLSA or VOWA exemption that applies to preclude them from being paid one and one-half times their regular rate of pay for all hours worked in excess of 40 per week.

40.    Defendants willfully violated the FLSA and VOWA through its Overtime Rate Policy and Shift Differential Policy as described herein.

41.    Defendants knowingly failed to pay full overtime wages required by the VOWA within the meaning of Va. Code § 40.1-29(J) and (K) (2021) and § 40.1-29.2 (2021).[1]

---

[1] From July 1, 2021 to June 30, 2022, the VOWA allowed for triple damages for knowing violations through the Virginia Wage Payment Act, Va. Code 40.1-29(J)&(K) (2021) ("VWPA") and Va. Code § 40.1-29.2(F) ("2021 VOWA"). The VOWA and VWPA were subsequently amended, effective July 1, 2022, so that VOWA mirrored the FLSA and triple damages were no longer available for overtime violations. Plaintiff seeks triple damages under VOWA only for the

42.     Defendants suffered and/or permitted and/or required Plaintiff and similarly situated employees to work more than 40 hours per week without full overtime compensation of 1.5 times their regular rates.

43.     Defendants knew or should have known that its/their policies and practices described herein violated the overtime provisions of the FLSA and VOWA.

44.     At all relevant times Defendants intended to deprive Plaintiff and similarly situated employees of the overtime pay they were entitled to under the FLSA and VOWA, or acted with reckless disregard for these employees' rights under the FLSA and VOWA.

## V.     FLSA COLLECTIVE ACTION ALLEGATIONS

45.     Plaintiff files this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiff on behalf of herself and the FLSA Collective.

46.     Defendant employs, and has employed, multiple persons who fit the above definition who due to Defendant's policies and practices described herein were deprived of the full required overtime pay for all time they worked in excess of 40 hours each week.

47.     These employees perform, and have performed, work which entitles them to payment of overtime compensation which they have not received.

48.     Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendant to avoid paying full overtime wages through the Overtime Rate Policy and Shift Differential Policy described herein. Defendant's time records and pay records, among other evidence, show each policy and practice with respect to employees who fit the above definition.

---

period the 2021 VOWA was in effect.

9

49.    Defendant compensated, and continues to compensate, those similarly situated to Plaintiff on a uniform compensation basis common to Plaintiff and other persons performing similar job functions.

50.    Defendant's pay operations are centrally managed, and employees meeting the above definition of the FLSA Collective are subject to common payroll practices.

51.    Defendant's policies described herein amounted to a willful or reckless disregard of the employees' rights under the FLSA.

52.    Defendants had no good faith basis to believe that the policies described herein were somehow allowable under the FLSA.

53.    Defendants' willful disregard of the overtime wage laws described herein entitles Plaintiff and similarly situated employees to the application of the three (3) year limitations period.

54.    Plaintiff's hourly pay and job duties, and the hourly pay and job duties of those similarly situated to Plaintiff, are not exempt from the coverage of the FLSA.

55.    At all relevant times, Plaintiff and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

56.    Defendants are liable under the FLSA for failing to properly compensate Plaintiff and the FLSA Collective, and as such, notice should be sent to the Collective. There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA who would benefit from the issuance of Court-supervised notice of this lawsuit and the opportunity to join. Those similarly situated employees are known to Defendant and are readily identifiable through Defendants' records.

57.     Plaintiff hereby files her Written Consent to Become Party to Collective Action Under 29 U.S.C. § 216 and State Laws, attached as Exhibit 1.

## VI.  VIRGINIA CLASS ACTION ALLEGATIONS

58.     Plaintiff brings this action as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the Virginia Class.

59.     Numerosity:    Upon information and belief, the Virginia Class is so numerous that joinder of all members is impracticable. Plaintiff is informed and believes, and on that basis alleges, that during the relevant time period, Defendants employed over 50 people who satisfy the definition of the proposed Virginia Class.

60.     Typicality:    Plaintiff's claims are typical of the Virginia Class. The claim is based on Defendants' corporate policies and practices of (a) Not paying overtime compensation at 1.5 times Plaintiff's and similarly situated employees' regular rates of pay; and (b) Not including shift differentials or other forms of incentive pay in calculating overtime rates paid to Plaintiff and similarly situated employees. These are a centralized pay policies and practices applicable to members of the Virginia Class.

61.     Superiority:    A class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage litigation where individual plaintiffs lack the financial resources to vigorously prosecute separate lawsuits in federal court against large corporate defendants.

62.     Adequacy:    Plaintiff will fairly and adequately protect the interests of the Virginia Class, and has retained counsel experienced in complex wage and hour class and collective action litigation.

63.    <u>Commonality</u>: Common questions of law and fact exist to all members of the Virginia Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

a.    Whether Defendants' policy and practice of not paying overtime compensation at 1.5 times Plaintiff's and similarly situated employees' regular rates of pay violates the VOWA.

b.    Whether Defendants' policy and practice of not including shift differentials or other forms of incentive pay in calculating overtime rates paid to Plaintiff and similarly situated employees violates the VOWA.

c.    Whether each Defendant is/was an "employer" of Plaintiff and the Virginia Class within the meaning of VOWA and VWPA.

d.    The proper measure of damages sustained by Plaintiff and the Virginia Class.

e.    Whether Defendant's allegedly violative policy and practice was willful and/or knowing within the meaning of Va. Code § 40.1-29(J) and (K) (2021).

64.    This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because prosecution of actions by or against individual members of the Virginia Class would result in inconsistent or varying adjudications and create the risk of incompatible standards of conduct for Defendants. Further, adjudication of each individual member's claim as a separate action would be dispositive of the interest of other individuals not party to this action, impeding their ability to protect their interests.

65.    Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

questions of law and fact common to the Virginia Class predominate over any questions only affecting individual members of the Virginia Class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices denied the members of the Virginia Class the full overtime wages and regular wages to which they are entitled under Virginia law. The damages suffered by the individual Virginia Class members are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

66.     Plaintiff intends to send notice to all members of the Virginia Class to the extent required by Rule 23. The names and addresses of the members of the Rule 23 Class are available from Defendants.

67.     Plaintiff reserves the right to propose amended class definitions and/or sub-classes in her motions for collective action and class action certification.

68.     Defendants employ, and have employed, multiple persons who fit the Virginia Class definition who due to Defendants' policies and practices described herein were deprived of the full required overtime pay and regular pay for all time they worked in excess of 40 hours each week. These employees perform, and have performed, work which entitles them to payment of overtime compensation and regular compensation which they have not received.

69.     Within the past three years, Plaintiff and similarly situated employees were subject to a common plan or policy of Defendants to avoid paying full overtime and regular wages through the Overtime Rate Policy and Shift Differential Policy described herein.

Defendants' time records and pay records, among other evidence, show these policies and practices with respect to employees who fit the above definition.

70.     Defendants' pay operations are centrally managed, and employees meeting the above definition are subject to common payroll practices.

71.     Defendants' policies described herein amounted to a willful or reckless disregard of the employees' rights under the VOWA.

72.     Defendants had no good faith basis to believe that these policies and practices were somehow allowable under the VOWA.

73.     Defendants' policies described herein amounted to a knowing failure to pay wages as required by the VOWA and VWPA.

## VI.    CLAIMS

### COUNT 1: VIOLATIONS OF FAIR LABOR STANDARDS ACT
### (Overtime Violations)
### (On Behalf of Plaintiff and FLSA Collective)

74.     Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

75.     At all times relevant herein, each Defendant has been, and continues to be, an "employer," and Plaintiff and each similarly situated employees has been, or continues to be, an "employee" within the meaning of 29 U.S.C. §§ 203(d) and (e).

76.     The FLSA requires covered employers, such as Defendants, to compensate all non-exempt employees at a rate not less than one and one-half times their regular rate of pay for work performed in excess of forty hours per week. 29 U.S.C. § 207. As such, each member of the FLSA Collective is entitled to overtime compensation at one and one-half times their regular

rate of pay for work performed in excess of forty hours per week.

77.    The FLSA requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration that do not apply here. 29 U.S.C. § 207(e). *See* 29 C.F.R. § 778.107 *et seq.*; 29 C.F.R. § 778.208, *et seq*. This includes shift differentials and other forms of incentive compensation.

78.    Through its Overtime Rate Policy, Defendants failed to pay overtime to the FLSA Collective at 1.5 times their regular rates, and therefore Defendants violated, and continue to violate, the FLSA. Through this policy and practice, Defendants paid and continues to pay these employees lower overtime rates, and therefore less overtime wages than they are required to pay under the FLSA.

79.    Through its Shift Differential Policy, Defendants failed to include required-to-be-included remuneration from the calculation of overtime rates paid to the FLSA Collective. Therefore Defendants violated, and continue to violate, the FLSA. Through this policy and practice, Defendants paid and continues to pay these employees lower overtime rates, and therefore less overtime wages than they are required to pay under the FLSA.

80.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

81.    Plaintiff seeks damages for herself and all others similarly situated in the amount of Plaintiff's and each similarly situated employee's unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, all other relief available under the FLSA, and all other such legal and

equitable relief as the Court deems just and proper.

## COUNT 2: VIOLATIONS OF VIRGINIA OVERTIME WAGE ACT
### (Overtime Violations)
### (On Behalf of Plaintiff and Virginia Class)

82.    Plaintiff alleges and incorporates by reference the preceding paragraphs as if fully set forth herein.

83.    Plaintiff brings this VOWA count as a class action under Federal Rule of Civil Procedure 23, on behalf of herself and the Virginia Class.  In the alternative, Plaintiff brings this VOWA count as a collective action under the VOWA, Va. Code § 40.1-29.2, and Va. Code § 40.29(J), on behalf of himself and the Virginia Class.

84.    At all times relevant, the VOWA has required Defendants to pay the Virginia Class overtime compensation at one and one-half their regular rates for all hours worked in excess of forty per week.

85.    At all times relevant, like the FLSA, the VOWA has required employers to include shift differentials, production-based bonuses, fees and other forms of production-based or incentive compensation in calculating overtime rates.

86.    The 2021 VOWA required, "For any hours worked by an employee in excess of 40 hours in any one workweek, an employer shall pay such employee an overtime premium at a rate not less than one and one-half times the employee's regular rate, pursuant to 29 U.S.C. § 207." Va. Code § 40.1-29.2(B) (2021).

87.    The 2021 VOWA, like Section 207 of the FLSA, requires that the "regular rate" used to calculate the overtime rate shall be deemed to include "all remuneration for employment paid to, or on behalf of, the employee[,]" except for specified excluded types of remuneration

16

that do not apply here. 29 U.S.C. § 207(e); Va. Code § 40.1-29.2(B) (2021). *See* 29 C.F.R. § 778.107 *et seq*.; 29 C.F.R. § 778.208, *et seq*. This includes shift differentials and other forms of incentive compensation.

88.    Since the 2022 amendments to VOWA, the VOWA has mirrored the requirements of the FLSA: "Any employer that violates the overtime pay requirements of the federal Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended, and any regulations, guidance, or rules adopted pursuant to the overtime pay provisions of such federal act or any related governing case law shall be liable to the employee for the applicable remedies, damages, or other relief available under the federal Fair Labor Standards Act in an action brought pursuant to the process in subsection J of § 40.1-29…." Va. Code § 40.1-29.2.

89.    Through its Overtime Rate Policy, Defendants failed to pay overtime to the Virginia Class at 1.5 times their regular rates, and therefore Defendants violated, and continue to violate, the VOWA. Through this policy and practice, Defendants paid and continues to pay these employees lower overtime rates, and therefore less overtime wages than they are required to pay under the VOWA.

90.    Through its Shift Differential Policy, Defendants failed to include required-to-be-included remuneration from the calculation of overtime rates paid to the Virginia Class Therefore Defendants violated, and continue to violate, the VOWA. Through this policy and practice, Defendants paid and continues to pay these employees lower overtime rates, and therefore less overtime wages than they are required to pay under the VOWA.

91.    Defendants' pay policies and practices and conduct described herein constitute each Defendant "knowingly failed to pay wages to an employee in accordance with … § 40.1-

29.2 [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J) and (K) (2021).

92.     Plaintiff seeks damages for herself and all others similarly situated in the amount of unpaid overtime wages, an equal amount as liquidated damages, interest, all costs and attorneys' fees incurred in investigating and prosecuting this claim, as well as "an amount equal to triple the amount of wages due and reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) (2021) and 40.1-29(J) (2021), all other relief available under the VOWA, and all other such legal and equitable relief as the Court deems just and proper.

## FLSA Collective Relief Requested

Wherefore, Plaintiff on behalf of herself and all members of the FLSA Collective requests the following Relief against Defendants:

A.     An order conditionally certifying a group or groups of putative collective action members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

B.     Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the FLSA;

C.     Judgment against Defendants for violations of the overtime wage provisions of the FLSA;

D.     Judgment that Defendants' violations as described above were willful;

E.     Money damages for all unpaid overtime wages;

F.     Liquidated damages in an amount equal to all unpaid overtime wages owed to Plaintiff and similarly situated employees;

18

G.      Pre-judgment and post-judgment interest;

H.      Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

I.      Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime or minimum wages under the FLSA or other applicable law; and

J.      Any and all further relief permissible by law.


**<u>Virginia Class Relief Requested</u>**

Wherefore, Plaintiff on behalf of herself and all members of the Virginia Class requests the following Relief against Defendants:

A.      Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.      Designation of Plaintiff as representative of the Virginia Class and counsel of record as class counsel;

C.      Unpaid overtime and regular wages, liquidated and/or triple damages, injunctive relief, and attorney's fees and costs pursuant to Virginia law;

D.      Judgment that Plaintiff and all similarly situated employees were non-exempt employees entitled to protection under the VOWA;

E.      Judgment against Defendants for violations of the overtime wage requirements of the VOWA;

F.      Judgment that each Defendant's violations as described above were willful;

G.     Judgment that each Defendant "knowingly failed to pay wages to an employee in accordance with [the 2021 VOWA]" within the meaning of Va. Code § 40.1-29(J)&(K) (2021) as to Plaintiff and all similarly situated employees.

H.     Money damages for all unpaid overtime wages;

I.     Liquidated damages in an amount equal to all unpaid overtime and regular wages owed to Plaintiff and similarly situated employees, and/or triple damages to the full extent allowed by law;

J.     An amount equal to "triple the amount of wages due and reasonable attorney fees and costs" pursuant to Va. Code §§ 40.1-29.2(F) and 40.1-29(J) (2021).

K.     Pre-judgment and post-judgment interest;

L.     Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

M.     Leave to amend to bring additional claims and/or parties, including but not limited to additional claims for retaliation and/or unpaid overtime, regular wages, or minimum wages under the VOWA, or other applicable law; and

N.     Any and all further relief permissible by law.


**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a jury trial for all claims and issues so triable.


Respectfully submitted,

20

JESSICA CHITTUM
individually and on behalf of all others similarly situated,
By Counsel

Dated:          October 11, 2024


/s/Timothy Coffield
Timothy Coffield (VSB 83430)
COFFIELD PLC
106-F Melbourne Park Circle
Charlottesville, VA 22901
p: (434) 218-3133  f: (434) 321-1636
tc@coffieldlaw.com

Counsel for Plaintiff