UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
Harrisonburg Division

JESSICA CHITTUM, on behalf of herself
and all others similarly situated,

                Plaintiff,

v.

NATIONAL LUTHERAN INC. d/b/a
NATIONAL LUTHERAN COMMUNITIES &
SERVICES, and
THE LEGACY AT NORTH AUGUSTA INC.,

                Defendants.

Case No. 5:24-CV-00082

CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
01/21/2026
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

## ORDER GRANTING PRELIMINARY CERTIFICATION OF SETTLEMENT CLASS AND APPROVAL OF THE SETTLEMENT AGREEMENT

Upon reviewing the Parties' Joint Motion for Preliminary Certification and Approval of Settlement Collective, ECF No. 21, along with the Settlement Agreement and supporting exhibits enclosed therewith, and all other papers and pleadings filed in this litigation, due notice having been given and the Court having been fully advised, it is hereby **ORDERED, ADJUDGED, and DECREED** that the Motion is **GRANTED** as follows:

1.     **Preliminary Certification of Settlement Collective**. In accordance with the Settlement Agreement, and pursuant to Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil Procedure, this Court hereby preliminarily and conditionally certifies, solely and exclusively for settlement purposes, the following class ("Settlement Collective"):

> All current and former non-exempt employees of NLI or its affiliates who were employed in Maryland, Pennsylvania or Virginia during the applicable Damages Period (October 11, 2021 and December 6, 2024) and who are eligible to participate in this settlement, including the Maryland Wage Class Members, Pennsylvania Wage Class Members and Virginia Wage Class Members, as defined in the Settlement Agreement. Specifically, these individuals have been identified by the Parties as meeting the criteria for the FLSA Collective as defined in the first amened complaint in the Action, and who have FLSA unpaid overtime

wage damages calculations arising from the facts alleged in the Action greater than or equal to one dollar. They are identified on Exhibit A to the Settlement Agreement.

2.      The Court preliminary appoints Named Plaintiff, Jessica Chittum ("Chittum"), as Settlement Collective Class Representative and Coffield PLC as Settlement Collective Class Counsel

3.      **Preliminary Approval of Proposed Settlement.** The settlement set forth in the Parties' Settlement and Release Agreement is hereby preliminarily approved as fair, reasonable, and adequate. The Court preliminarily finds that:

   a.   The settlement was negotiated vigorously and at arm's-length, with all Parties represented by experienced counsel;

   b.   The Settlement Collective Class Representative and Settlement Collective Class Counsel had sufficient information to evaluate the settlement value of this matter and have concluded that the Settlement Agreement is fair, reasonable, and adequate;

   c.   If the settlement had not been achieved, the Settlement Collective Class Representative and the Settlement Collective Class Counsel faced the expense, risk, and uncertainty of possible arbitration and the prospect of zero recovery after summary judgment and any final hearing or trial;

   d.   The Gross Settlement Amount—up to Two Hundred Eighty-Nine Thousand Five Hundred Thirty and 29/100 Dollars ($289,530.29) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Gross Settlement Amount is efficient, relying substantially on records and information exchanged between the Parties.

   e.   Plaintiffs' Attorneys' Fees and Costs— One Hundred Four Thousand and

00/100 Dollars ($104,000.00) —as well as the Service Award to the Settlement Collective Representative for One Thousand and 00/100 Dollars ($1,000.00), do not raise any questions about the fairness of the settlement, and there are no agreements, apart from the Settlement Agreement, required to be considered under Fed. R. Civ. P. 23(e)(2)(C)(iv); and

    f.    at all times, the Settlement Collective Class Representative and Settlement Collective Class Counsel have acted independently of the Defendants and in the interest of the Settlement Collective.

4. **Establishment of Qualified Settlement Fund.** A common fund is agreed to by the Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468B-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded, administered, and operate in accordance and consistent with the terms of the Settlement Agreement.

5. **Fairness Hearing.** A fairness hearing is scheduled for <u>April 14</u>, 2026 to make a final determination concerning, among other things, the following:

    a.    Any objections from Settlement Collective Members to the settlement or any aspects of it;

    b.    whether the settlement merits final approval as fair, reasonable, and adequate;

    c.    whether the Settlement Collective Members' claims should be dismissed pursuant to the terms of the settlement;

    d.    whether Settlement Collective Class Counsel adequately represented the Settlement Collective for purposes of entering into and implementing the Settlement Agreement; and

        e.        whether Settlement Collective Class Counsel's application/request(s) for Attorneys' Fees and Expenses and a Service Award for the Settlement Collective Class Representative are fair and reasonable and should be approved.

    6.    **Settlement Notice.** The Court approves the form of the Notice of Settlement of Collective and Class Action, Allocation, and Release, attached as Exhibit B to the Settlement Agreement (the "Notice"), ECF No. 27-1. The Court finds that such form of notice, along with the Settlement Agreement, serve to notify the Settlement Collective Members of all substantive aspects of the settlement fairly and adequately.

    7.    **Settlement Administrator.** The Court hereby approves the appointment of ILYM Group, Inc. as the Settlement Administrator. The Court directs that the Settlement Administrator shall act in accordance with the Settlement Agreement at all times.

    8.    **Request for Attorneys' Fees, Litigation Costs, and Service Award.** Settlement Collective Counsel's Preliminary request for attorneys' fees, litigation costs, and the Service Award to the Settlement Collective Representative is preliminarily approved. Settlement Collective Class Counsel is directed to file its Motion for Final Approval of same as part of, or no later than, the filing of the Final Settlement Approval Motion.

    9.    **Objections to Settlement.** Any Settlement Collective Member or authorized representative may file an objection to the settlement. An objection must be filed within thirty (30) days from the date the Notice is disseminated and must include: (a) the full name, address, and telephone number of the objector; (b) a written statement of his, her, their, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the

objection(s) and whether the objection is on behalf of the objector only, a portion of the Settlement Collective, or the Settlement Collective as a whole; (c) copies of any papers, brief, or other documents upon which the objection is based; (d) a list of all persons, if any, who will be called to testify in support of the objection; (e) a list of other cases in which the objector or the objector's counsel have appeared either as settlement objectors or as counsel for objectors in the previous five years; and (f) the objector's signature, even if represented by counsel. The address for filing objections with the Court is as follows:

> Clerk of the Court
> U.S. District Court for the Western District of Virginia
> Federal Courthouse
> 255 W Main St, Charlottesville, VA 22902
> Re: *Jessica Chittum, on behalf of herself and all others similarly situated v. National Lutheran Inc. d/b/a National Lutheran Communities & Services and The Legacy At North Augusta Inc*
> Case No. 5:24-cv-00082-JHY-JCH

The objector or his, her, its, or their counsel, if any, must file or postmark the objection(s) and supporting materials with the Court and provide a copy of the objection(s) and supporting materials to Settlement Collective Class Counsel and defense counsel at the time of such filing. If an objector hires an attorney to represent him, her, them, or it for the purposes of making an objection pursuant to this Paragraph, the attorney must also file a notice of appearance with the Court no later than March 30, 2026, (15 days before the date of the Fairness Hearing specified in this Preliminary Approval Order). Any member of the Settlement Collective or other person who does not timely file a written objection complying with the terms of this Paragraph shall be determined to have waived, and shall be foreclosed from raising, any objection to the Settlement Agreement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than April 7, 2026 (7 days before the date of the Fairness Hearing specified in this Preliminary Approval Order). There shall

be no reply briefs.

10. **Additional Briefs.** Any additional briefs the Parties may wish to file in support of the Settlement Agreement shall be filed no later than April 7, 2026 (7 days before the date of the Fairness Hearing specified in this Preliminary Approval Order).

11. **Participation in Final Approval Hearing.** Any objector who files a timely, written objection in accordance with Paragraph 9 above may also participate in the Fairness Hearing, either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to participate in or at the Fairness Hearing must file a notice of intention to participate and, if applicable, the name, address, and telephone number of the objector's attorney, with the Court by no later than March 30, 2026 (15 days before the date of the Fairness Hearing specified in this Preliminary Approval Order). Any objectors, or their counsel, who do not timely file a notice of intention to participate in accordance with this Paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

12. **Continuance of Final Approval Hearing.** The Court reserves the right to continue the Fairness Hearing without further written notice to the Settlement Collective Members and the right to schedule the hearing by way of telephone or video conference.

**SO ORDERED** this     21st     day of          January, 2026.

_____
The Honorable Joel Hoppe
United States Magistrate Judge